# EXHIBIT A

State Court Pleadings

24023175

Civil Action No. 24CV012215

Date Filed

Magistrate Court ☐
Superior Court ☐
State Court ☐
Georgia, Gwinnett County

Attorney's Address
DARAJNE DELEVANTE
360 Pharr Rd NE Apt 114
Atlanta GA 30305

Name and Address of party to be served.
Trans Union LLC C/o 2 Sun
Court Suite 400 Peachtree Corners
GA 30092

DARAJNE DELEVANTE
Plaintiff

VS.

Trans Union LLC
Defendant

RECEIVED 2024 OCT -3 AM 10:12

Garnishee

## Sheriff's Entry Of Service

**Personal** ☐ I have this day served the defendant ______ personally with a copy of the within action and summons.

**Notorious** ☐ I have this day served the defendant ______ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ______ described as follows age, about ___ years; weight about ___ pounds; height, about ___ feet and ___ inches, domiciled at the residence of defendant.

**Corporation** ☒ Served the defendant Trans Union LLC a corporation by leaving a copy of the within action and summons with Alisha Smith in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐ Diligent search made and defendant ______ not to be found in the jurisdiction of this Court.

This 4 day of October, 2024

B. Vuos Smi
Deputy

Sheriff Docket ______ Page ______

Gwinnett County, Georgia

WHITE: Clerk CANARY: Plaintiff / Attorney PINK: Defendant

SC-2 Rev.3.13

Civil Action No. ______________________

Date Filed ______________________

**Magistrate Court** ☐
**Superior Court** ☐
**State Court** ☐
**Georgia, Gwinnett County**

Attorney's Address

______________________ **Plaintiff**

VS.

______________________ **Defendant**

Name and Address of party to be served.

______________________ **Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐ I have this day served the defendant ______________________ personally with a copy of the within action and summons.

**Notorious** ☐ I have this day served the defendant ______________________ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ______________________ described as follows age, about ________ years; weight, about ________ pounds; height, about ________ feet and ________ inches; domiciled at the residence of defendant.

**Corporation** ☐ Served the defendant ______________________ a corporation by leaving a copy of the within action and summons with ______________________ in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐ Diligent search made and defendant ______________________ not to be found in the jurisdiction of this Court.

This ____________ day of ____________, 20____.

______________________
**Deputy**

Sheriff Docket ____________ Page ____________

______________________
**Gwinnett County, Georgia**

WHITE: Clerk CANARY: Plaintiff / Attorney PINK: Defendant

SC-2 Rev.3.13



Fulton County Superior Court
***EFILED***IF
Date: 9/26/2024 1:41 PM
Che Alexander, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303
SUMMONS

24CV012215

) Case
) No.:

DARAINE DELEVANTE
Plaintiff,

vs.

TransUnion LLC

Defendant

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylertech.cloud/OfsEfsp/ui/landing (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

DARAINE DELEVANTE
360 Pharr Rd NE Apt 114 Atlanta GA 30305

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

This 9/26/2024 day of ________, 20 ____

Honorable Ché Alexander, Clerk of Superior Court

[signature]
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you ________, 20____

Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
***EFILED***IF
Date: 9/26/2024 1:41 PM
Che Alexander, Clerk

Superior ~OURT OF FULTON COUNTY STATE OF GEORGIA

| | | |
|---|---|---|
| Daraine Delevante. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 24CV012215 |
| v. | ) | Case No. |
| | ) | |
| TRANS UNION LLC, | ) | Complaint |
| | ) | |
| Defendant. | ) | |

Plaintiff Daraine Delevante ("Plaintiff") as and for his Statement of Claim against Defendant TRANS UNION LLC, alleges the following:

PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, and costs brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

JURISDICTION

2. This is an action to enforce liability under the FCRA.

3. This Court has jurisdiction under 15 U.S.C. § 1681p and/or O.C.G.A. § 15-10-2.

4. This Court has jurisdiction over Defendant TRANS UNION LLC ("Defendant") because Defendant is a resident of Fulton County, Georgia.

PARTIES

5. Daraine Delevante ("Plaintiff") is an individual.

6. Plaintiff is a natural person.

7. Plaintiff is a resident of Fulton County, Georgia.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Plaintiff is an entrepreneur and the owner of several businesses.

10. Plaintiff relies on his credit rating for many personal and business transactions.

11. Upon information and belief, Defendant is a Domestic Limited Liability Company organized under the laws of the State of Georgia on or about January 4,1999.

12. Upon information and belief, Defendant's Control Number with the Georgia Secretary of State is K900660.

13. Upon information and belief, Defendant's principal office address, as registered with the Georgia Secretary of State, is 555 West Adams Street, Chicago, IL, 60661-3719, USA.

14. Upon information and belief, Defendant's Registered Agent is **Corporation Service Company** at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, US.

15. Upon information and belief, Defendant is an entity which, for monetary fees, dues, or subscriptions, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

16. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

17. Upon information and belief, Defendant regularly engages in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide: (1) public record information and/or (2) credit account information from person who furnish that information regularly and in the ordinary course of business.

18. Upon information and belief, Defendant is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

FACTS

19. On July 3rd 2024, Plaintiff sent dispute letter to Defendant, which disputed the completeness and/or accuracy and permissible purpose of information/ Inquires contained in consumer reports concerning Plaintiff that were prepared and maintained by Defendant and published by Defendant to third parties.

20. Plaintiff's dispute letters to Defendant were mailed on or about July 3rd 2024, via United States Postal Service Certified Mail, USPS Tracking # 9589 0710 5270 1877 4714 95

21. A true and correct copy of the U.S.P.S. mailing label, redacted dispute letters, and electronic delivery confirmation proof are attached hereto and incorporated herein as **Exhibit A.**

22. Defendant received Plaintiff's dispute letters via mail on ,July 6 2024 at 5:37PM.

23. Defendant has prepared consumer reports concerning Plaintiff.

24. Defendant does not follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the consumer reports prepared by Defendant concerning Plaintiff.

25. Defendant furnished Plaintiff's consumer report to persons without a permissible purpose, see **Exhibit B.**

26. Defendant is in possession of the Plaintiff's home mailing address.

27. Defendant is in possession of Plaintiff's Identification & Social Security number.

28. Defendant is in possession notarized documents substantiating Plaintiff's identity.

29. Defendant is in possession of Plaintiff's telephone number.

30. Defendant is in possession of Plaintiff's email address.

31. Defendant is in possession of Plaintiff's facsimile number.

32. Defendant can contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information.

33. Defendant fails to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information.

34. Defendant can design and implement an electronic method to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information similar to what is uses for its subscribers.

35. Defendant fails to design and implement an electronic method to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information similar to what is uses for its subscribers in order to save costs.

36. Defendant fails to design and implement an electronic method to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information similar to what is uses for its subscribers because Defendant does not see assuring the maximum possible accuracy of consumer reports as a priority to its business model.

37. Defendant fails to design and implement an electronic method to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure

to assure maximum possible accuracy of said information similar to what is uses for its subscribers because Defendant's business model is focused on profit on subscription fees from its subscribers.

38. Defendant sees violating consumers by not assuring accurate consumer reports as a cost of doing business and, thus, sets aside a sum of money to "pay off" consumers that it violates.

39. Defendant intentionally failed to verify and or certify the purpose to furnish consumer reports using [15 U.S.C **§1681b(a)3(f)(i);**

A person shall not use or obtain a consumer report for any purpose unless;

1. The consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section.
2. The purpose is certified in accordance with section 1681b(f). Chester v. Purvis, 260 F. Supp 2d 711 (S.D. Ind. 2003).

41. Defendant intentionally failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff that Defendant prepared and published.

42. Defendant negligently failed to follow FCRA 15 USC 1681b requirements for furnishing consumer reports to a person without a legitimate business reason.

43. Defendant failed to certify the purpose for which the consumer report was being furnished.

44. Defendant knowingly furnished Plaintiff's consumer reports to a person without any permissible purpose.

45. Defendant knowingly aided the procurement of Plaintiff's consumer reports to a person under false pretenses which constitutes aggravated identity theft. 15 USC 1681q, 15 USC 1681n(a), 18 USC 1028A.

46. Defendant failed to keep plaintiff's information private 15 USC 1681(a)(4)

47. Upon receiving Plaintiff's dispute letters on July 6th 2024 at 5:37 PM, TRANS UNION LLC intentionally failed to investigate the information disputed within 30 days of receipt of Plaintiff's disputes.

48. Upon receiving Plaintiff's dispute letters on July 6th 2024 at 5:37PM, TRANS UNION LLC negligently failed to investigate the information disputed within 30 days of receipt of Plaintiff's disputes.

49. Upon receiving Plaintiff's dispute letters on July 6th 2024 at 5:37PM, TRANS UNION LLC intentionally failed to delete the information disputed within 30 days of receipt of Plaintiff's disputes.

50. Upon receiving Plaintiff's dispute letters on July 6th 2024 at 5:37PM, Equifax negligently failed to delete the information disputed within 30 days of receipt of Plaintiff's disputes.

51. Upon Plaintiff's request for deletion and proof of permissible purpose documentation of the inaccurate inquires identified in consumer reports prepared, maintained, and published by Defendant concerning Plaintiff, Defendant did not evaluate or consider any of Plaintiff's information, claims, or request for proof of permissible purpose and did not made any attempt to substantially or reasonably reinvestigate the disputed information as required by the FCRA, including 15 U.S.C. § 1681i.

54. Defendant failed to reinvestigate plaintiff's dispute and responded with stall tactics in order to deceive Plaintiff. Defendant has an obligation by law to investigate plaintiff's dispute Cushman v. Trans Union.

The Third Circuit stated in this 1997 decision:
The "grave responsibilit[y]" imposed by [§611(a)] must consist of something more than merely parroting information received from other sources. Therefore, a "reinvestigation" that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute. (emphasis added). Henson v. CSC Credit Servs., 29 F.3d 280 (7th Cir. 1994).

55. Plaintiff in its dispute letters to Defendant that are the subject of this action requested no permissible purpose was given, Defendant furnished Plaintiff's consumer reports knowingly without a permissible purpose. A person shall not use or obtain a consumer report for any purpose unless The purpose is certified in accordance with section 1681b(f). Chester v. Purvis, 260 F. Supp 2d 711 (S.D. Ind. 2003).

56. To date, Defendant has not provided Plaintiff with Proof that permissible purpose was given the purpose is certified in accordance with section 1681b(f). Chester v. Purvis, 260 F. Supp 2d 711 (S.D. Ind. 2003).

57. Plaintiff has spent significant time and effort working to resolve these issues with TRANS UNION LLC.

58. Plaintiff's time spent dealing with these issues with TRANS UNION LLC costs Plaintiff time away from work that he has to do at the billable rate of $500 per hour.

59. Plaintiff has had to spend money and incur costs for mailing correspondence to TRANS UNION LLC.

60. Furthermore, Plaintiff has been upset, distressed, and worried about these issues with TRANS UNION LLC.

61. Plaintiff has lost credit opportunities and been denied credit applications due to the consumer reports about him that are prepared, maintained, and published by TRANS UNION LLC.

62. Many creditors that Plaintiff attempt to do business with for personal credit transactions utilized consumer reports from TRANS UNION LLC.

63. Plaintiff has been denied credit applications due to lowered FICO scores due to wrongful credit reporting of certain items by Defendant in consumer files concerning Plaintiff.

FIRST CLAIM FOR RELIEF

64. Plaintiff realleges and incorporates paragraphs 1 through 67 above as if fully set out herein.

65. TRANS UNION LLC violated 15 U.S.C §1681b(a)3(f)(i by failing to establish permissible purpose.

66. TRANS UNION LLC has allowed Plaintiffs consumer reports to be furnished knowingly without a permissible purpose.

67. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by expended costs and expenses in dealing with these issues, loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain and anguish and humiliation and embarrassment of credit denials.

68. Defendant's conduct, action, and/or inaction was willful, rendering Defendant liable for Civil Liabilities for willful non compliance, pursuant 15 USC

§1681n(a)(1)(B), punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69. In the alternative, Defendant's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

70. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

SECOND CLAIM FOR RELIEF

71. Plaintiff realleges and incorporates paragraphs 1 through 70 above as if fully set out herein.

3. TRANS UNION LLC Violated 15 USC §1681(a)(4) Plaintiff's right to privacy on multiple occasions by furnishing Plaintiffs consumer reports to without a permissible purpose. Failing to delete inaccurate information in Plaintiff's consumer report or credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation and send required proof of the certification in accordance with section §1681b(f). Chester v. Purvis, 260 F. Supp 2d 711 (S.D. Ind. 2003); by failing to forward all relevant information to the respective alleges furnishers of the information to Defendant concerning Plaintiff; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer report or credit file; by relying upon verification from a third party source that Defendant has reason to know or should have reason to know is unreliable.

76. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by expended costs and expenses in dealing with these issues, loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain and anguish and humiliation and embarrassment of credit denials.

77. Defendant's conduct, action, and/or inaction was willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78. In the alternative, Defendant's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover Civil Liability relief under 15 U.S.C. § 1681o.

79. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff Daraine Delevante against Defendant TRANS UNION LLC for said claims in the principal amount of **$61,000.00**, for statutory, actual, and punitive damages under the FCRA, pre-judgment and post-judgment interest at the legal rate, **$60.00** costs to date, all future costs of this suit, and such other relief the Court does deem just, equitable and proper.

STATE OF GEORGIA )
)
FULTON COUNTY )

I, Daraine Delevante, swear that the foregoing is a just and true statement of the amount owing by Defendant to Plaintiff, exclusive of all set-offs and just grounds of defense.

By affixing this verification, oath, or affidavit to the pleading submitted to the court and attaching my signature hereon, I do hereby swear or affirm that the statements set forth in the above pleading are true and correct.

Dated: September 26, 2024

Daraine Delevante
360 Pharr Rd NE APT 114 ATL GA, 30305
Tel: 347-852-0294
Fax: N/A
Email: daraine_delevante@yahoo.com
PLAINTIFF (*pro se*)