

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA
DIVISION

DARAINE DELEVANTE,

Plaintiff,

v.

Case No.  1:24-cv-05014-LMM-CMS

TRANS UNION LLC,

Defendant.

## PLAINTIFF AMENDED COMPLAINT

Plaintiff Daraine Delevante ("Plaintiff") as and for his Statement of Claim against

Defendant TRANS UNION LLC,  alleges the following:

PRELIMINARY STATEMENT

1.      This is an action for actual, statutory, and punitive damages, and costs

brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et*

*seq.*

JURISDICTION

2.      This is an action to enforce liability under the FCRA.

1

3.    The present suit is an action over which the United States District Court for the Northern District of Georgia, Atlanta Division, has original jurisdiction pursuant to 28 U.S.C. § 1331 as it is a civil action founded on a claim or right arising under the laws of the United States..

4.    This Court has jurisdiction over Defendant TRANS UNION LLC ("Defendant") because Defendant is a resident of Fulton County, Georgia.

## PARTIES

5.    Daraine Delevante ("Plaintiff") is an individual.

6.    Plaintiff is a natural person.

7.    Plaintiff is a resident of Fulton County, Georgia.

8.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.    Plaintiff is an entrepreneur and the owner of several businesses.

10.    Plaintiff relies on his credit rating for many personal and business transactions.

11.    Upon information and belief, Defendant is a foreign Limited Liability

Company organized under the laws of the State of  on or about January 4,1999.

12.    Upon information and belief, Defendant's Control Number with the Georgia

Secretary of State is K900660.

13.    Upon information and belief, Defendant's principal office address, as registered with the Georgia Secretary of State, is 555 West Adams Street, Chicago, IL, 60661-3719, USA.

14.    Upon information and belief, Defendant's Registered Agent is **Corporation Service Company** at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, US.

15.    Upon information and belief, Defendant is an entity which, for monetary fees, dues, or subscriptions, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

16.    Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

17.    Upon information and belief, Defendant regularly engages in the practice of assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide: (1) public record information and/or (2) credit

3

account information from person who furnish that information regularly and in the ordinary course of business.

18.    Upon information and belief, Defendant is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

FACTS

19.    On July 3rd 2024, Plaintiff sent dispute letter to Defendant, which disputed the completeness and/or accuracy and permissible purpose of information/ Inquires contained in consumer reports concerning Plaintiff that were prepared and maintained by Defendant and published by Defendant to third parties.

20.    Plaintiff's dispute letters to Defendant were mailed on or about July 3rd 2024, via United States Postal Service Certified Mail, USPS Tracking # 9589 0710 5270 1877 4714 95

21.    A true and correct copy of the U.S.P.S. mailing label, redacted dispute letters, and electronic delivery confirmation proof are attached hereto and incorporated herein as **Exhibit A.**

22.    Defendant received Plaintiff's dispute letters via mail on ,July 6 2024 at 5:37PM.

23.    Defendant has prepared consumer reports concerning Plaintiff.

24.    Defendant does not follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the consumer reports prepared by Defendant concerning Plaintiff.

25.    Defendant furnished Plaintiff's consumer report to persons without a permissible purpose, see **Exhibit B**.

26.    Defendant is in possession of the Plaintiff's home mailing address.

27.    Defendant is in possession of Plaintiff's Identification & Social Security number.

28.    Defendant is in possession notarized documents substantiating Plaintiff's identity.

29.    Defendant is in possession of Plaintiff's telephone number.

30.    Defendant is in possession of Plaintiff's email address.

31.    Defendant is in possession of Plaintiff's facsimile number.

32.    Defendant can contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information.

33.    Defendant fails to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information.

34.     Defendant can design and implement an electronic method to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information similar to what is uses for its subscribers.

35.     Defendant fails to design and implement an electronic method to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information similar to what is uses for its subscribers in order to save costs.

36.     Defendant fails to design and implement an electronic method to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information similar to what is uses for its subscribers because Defendant does not see assuring the maximum possible accuracy of consumer reports as a priority to its business model.

37.     Defendant fails to design and implement an electronic method to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said

6

information similar to what is uses for its subscribers because Defendant's business model is focused on profit on subscription fees from its subscribers.

38.    Defendant sees violating consumers by not assuring accurate consumer reports as a cost of doing business and, thus, sets aside a sum of money to "pay off" consumers that it violates.

39.    Defendant intentionally failed to verify and or certify the purpose to furnish consumer reports using [15 U.S.C **§1681b(a)3(f)(i);**

A person shall not use or obtain a consumer report for any purpose unless;

1. The consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section.
2. The purpose is certified in accordance with section 1681b(f). Chester v. Purvis, 260 F. Supp 2d 711 (S.D. Ind. 2003).

41. Defendant intentionally failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff that Defendant prepared and published.

42. Defendant negligently failed to follow FCRA 15 USC 1681b requirements for furnishing consumer reports to a person without a legitimate business reason.

7

43. Defendant failed to certify the purpose for which the consumer report was being furnished.

44. Defendant knowingly furnished Plaintiff's consumer reports to a person without any permissible purpose.

45. Defendant knowingly aided the procurement of Plaintiff's consumer reports to a person under false pretenses which constitutes aggravated identity theft. 15 USC 1681q, 15 USC 1681n(a), 18 USC 1028A.

46. Defendant failed to keep plaintiff's information private 15 USC 1681(a)(4)

47. Upon receiving Plaintiff's dispute letters on July 6th 2024 at 5:37 PM, TRANS UNION LLC intentionally failed to investigate the information disputed within 30 days of receipt of Plaintiff's disputes.

48. Upon receiving Plaintiff's dispute letters on July 6th 2024 at 5:37PM, TRANS UNION LLC negligently failed to investigate the information disputed within 30 days of receipt of Plaintiff's disputes.

49. Upon receiving Plaintiff's dispute letters on July 6th 2024 at 5:37PM, TRANS UNION LLC intentionally failed to delete the information disputed within 30 days of receipt of Plaintiff's disputes.

50. Upon receiving Plaintiff's dispute letters on July 6th 2024 at 5:37PM, Equifax negligently failed to delete the information disputed within 30 days of receipt of Plaintiff's disputes.

51. Upon Plaintiff's request for deletion and proof of permissible purpose documentation of the inaccurate inquires identified in consumer reports prepared, maintained, and published by Defendant concerning Plaintiff, Defendant did not evaluate or consider any of Plaintiff's information, claims, or request for proof of permissible purpose and did not made any attempt to substantially or reasonably reinvestigate the disputed information as required by the FCRA, including 15 U.S.C. § 1681i.

54. Defendant failed to reinvestigate plaintiff's dispute and responded with stall tactics in order to deceive Plaintiff. Defendant has an obligation by law to investigate plaintiff's dispute Cushman v. Trans Union.

The Third Circuit stated in this 1997 decision:
The "grave responsibilit[y]" imposed by [§611(a)] must consist of something more than
merely parroting information received from other sources. Therefore, a "reinvestigation" that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute. (emphasis added). Henson v. CSC Credit Servs., 29 F.3d 280 (7th Cir. 1994).

55. Plaintiff in its dispute letters to Defendant that are the subject of this action requested no permissible purpose was given, Defendant furnished Plaintiff's consumer reports knowingly without a permissible purpose. A person shall not use or obtain a consumer report for any purpose unless The purpose is certified in accordance with section 1681b(f). Chester v. Purvis, 260 F. Supp 2d 711 (S.D. Ind. 2003).

56. To date, Defendant has not provided Plaintiff with Proof that permissible purpose was given the purpose is certified in accordance with section 1681b(f). Chester v. Purvis, 260 F. Supp 2d 711 (S.D. Ind. 2003).

57. Plaintiff has spent significant time and effort working to resolve these issues with TRANS UNION LLC.

58. Plaintiff's time spent dealing with these issues with TRANS UNION LLC costs Plaintiff time away from work that he has to do at the billable rate of $500 per hour.

59. Plaintiff has had to spend money and incur costs for mailing correspondence to TRANS UNION LLC.

60. Furthermore, Plaintiff has been upset, distressed, and worried about these issues with TRANS UNION LLC.

61. Plaintiff has lost credit opportunities and been denied credit applications due to the consumer reports about him that are prepared, maintained, and published by TRANS UNION LLC.

62. Many creditors that Plaintiff attempt to do business with for personal credit transactions utilized consumer reports from TRANS UNION LLC.

63. Plaintiff has been denied credit applications due to lowered FICO scores due to wrongful credit reporting of certain items by Defendant in consumer files concerning Plaintiff.

## FIRST CLAIM FOR RELIEF

64. Plaintiff realleges and incorporates paragraphs 1 through 67 above as if fully set out herein.

65. TRANS UNION LLC violated 15 U.S.C §1681b(a)3(f)(i by failing to establish permissible purpose.

66. TRANS UNION LLC has allowed Plaintiffs consumer reports to be furnished knowingly without a permissible purpose.

67. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by expended costs and expenses in dealing with these issues, loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain and anguish and humiliation and embarrassment of credit denials.

68. Defendant's conduct, action, and/or inaction was willful, rendering Defendant liable for Civil Liabilities for willful non compliance, pursuant 15 USC §1681n(a)(1)(B),  punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69. In the alternative, Defendant's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

70. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

SECOND CLAIM FOR RELIEF

71. Plaintiff realleges and incorporates paragraphs 1 through 70

above as if fully set out herein.

3. TRANS UNION LLC Violated 15 USC §1681(a)(4) Plaintiff's right to privacy on multiple occasions by furnishing Plaintiffs consumer reports to without a permissible purpose. Failing to delete inaccurate information in Plaintiff's consumer report or credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation and send required proof of the certification in accordance with section §1681b(f). Chester v. Purvis, 260 F. Supp 2d 711 (S.D. Ind. 2003); by failing to forward all relevant information to the respective alleges furnishers of the information to Defendant concerning Plaintiff; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer report or credit file; by relying upon verification from a third party source that Defendant has reason to know or should have reason to know is unreliable.

76. As a result of Defendant's conduct, action, and inaction,

Plaintiff suffered damage by expended costs and expenses in dealing with

these issues, loss of credit, loss of ability to purchase and benefit from

credit, and mental and emotional pain and anguish and humiliation and

embarrassment of credit denials.

77. Defendant's conduct, action, and/or inaction was willful,

rendering Defendant liable for punitive damages in an amount to be

determined by the Court pursuant to 15 U.S.C. § 1681n.

13

78. In the alternative, Defendant's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover Civil Liability relief under 15 U.S.C. § 1681o.

79. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff Daraine Delevante against Defendant TRANS UNION LLC for said claims in the principal amount of **$61,000.00**, for statutory, actual, and punitive damages under the FCRA, pre-judgment and post-judgment interest at the legal rate, **$60.00** costs to date, all future costs of this suit, and such other relief the Court does deem just, equitable and proper.

STATE OF GEORGIA      )
                      )
FULTON COUNTY         )

I, Daraine Delevante, swear that the foregoing is a just and true statement of the amount owing by Defendant to Plaintiff, exclusive of all set-offs and just grounds of defense.

14

By affixing this verification, oath, or affidavit to the pleading submitted to

the court and attaching my signature hereon, I do hereby swear or affirm that the

statements set forth in the above pleading are true and correct.


Dated: November 12, 2024
        Daraine Delevante
        360 Pharr Rd NE APT 114
        ATL GA, 30305
        Tel: 347-852-0294
      Fax: N/A
      Email: daraine_delevante@yahoo.com
                PLAINTIFF (*pro se*)

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November 2024, I filed the foregoing

with the Clerk of the Court using the Court's E-Filing system. I further certify that

I have mailed the above and foregoing document via United States First Class Mail
to the following:

Paul W. Sheldon Georgia
Bar No. 947098
psheldon@qslwm.com
QUILLING, SELANDER,
LOWNDS, WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800

Plano, Texas 75024

Tel (214) 560-5453

Fax (214) 871-2111
Counsel for Trans Union LLC