IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DARAINE DELEVANTE,

    Plaintiff,

v.                                             Civil No. 1:24-cv-5014-LMM-CMS

TRANS UNION LLC,

    Defendant.

### DEFENDANT TRANS UNION LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Trans Union LLC ("Trans Union"), and files this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint ("Motion") and would respectfully show the Court as follows:

### I.   INTRODUCTION

*Pro se* Plaintiff Daraine Delevante ("Plaintiff") sued Trans Union for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Plaintiff attempts to assert claims under §§ 1681e(b) and 1681e(a) based on Trans Union's alleged inaccurate reporting of and "completeness and/or accuracy and permissible purpose of information/ Inquires contained in consumer reports concerning Plaintiff."

1

Dismissal with prejudice is proper here because Plaintiff cannot establish the threshold showing of inaccuracy. Accordingly, Plaintiff's claims fail as a matter of law, and this Court should grant Trans Union's Motion.

## II.     FACTS AND BACKGROUND

Plaintiff complains that he noticed "inaccurate inquires identified in [his] consumer reports," and that Trans Union is inaccurately reporting the "information/ Inquires" because "Defendant furnished Plaintiff's consumer report to persons without a permissible purpose." *See* ECF No. 5. Plaintiff claims that Trans Union violated the FCRA and that Trans Union "intentionally failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff that Defendant [Trans Union] prepared and published" and by "failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer report or credit file." *Id*. Plaintiff's claims fail as matter of law as fully set forth below.

## III.     APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must

7660202.1

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court is not required to accept as true legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570.). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]' . . . 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)).

In considering a 12(b)(6) motion, the Court should accept all well-pleaded facts in the Complaint as true and draw all inferences in the plaintiff's favor. *Craft v. Olszewski*, 428 F. App'x 919, 921 (11th Cir. 2011). However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (quotations omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions

3

7660202.1

masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

While the pleadings of a *pro se* plaintiff are to be held to less stringent standards than those drafted by an attorney, a court is under no duty to rewrite a pro se plaintiff's complaint to find a claim. *Leslie v. Equifax Info. Servs. LLC*, No. 123CV00329ELRJEM, 2023 WL 6940718, at *4 (N.D. Ga. Aug. 31, 2023), *report and recommendation adopted*, No. 1:23-CV-00329-ELR, 2023 WL 9291987 (N.D. Ga. Dec. 14, 2023). Even *pro se* litigants are required to comply with applicable procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

## IV.   ARGUMENTS AND AUTHORITIES

### A.   Plaintiff cannot establish the threshold showing of inaccuracy.

Plaintiff attempts to assert that Trans Union negligently and willfully violated §§ 1681e(b) and 1681e(a) of the FCRA. *See generally* ECF No. 5. A prima facie case under § 1681e(b) requires showing that the consumer reporting agency prepared a report containing "inaccurate" information. *Losch v. Nationstar Mortg., LLC*, 995 F.3d 937, 944 (11th Cir. 2021); *see also Cahlin v. Gen. Motors*

*Acceptance Corp.*, 936 F.2d 1151, 1156–60 (11th Cir. 1991). A plaintiff's failure to identify an inaccuracy amounts to the failure of an FCRA claim. *Cahlin*, 936 F.2d at 1156; *Lacey v. TransUnion, LLC*, No. 21-CV-519-02-JSS, 2021 WL 2917602, at *3 (M.D. Fla. July 12, 2021) (explaining that "Plaintiff's claims under 15 U.S.C. 1681e(b) and 1681(i) [*sic*] require her to plead and prove an inaccuracy in her credit report or credit file").

Here, even if the Court were to consider Plaintiff's FCRA claims, Plaintiff cannot establish inaccuracy of any "Inquires." Without inaccuracy, Plaintiff has failed to sufficiently allege an essential element of his § 1681e(b) claim. Plaintiff's § 1681e(a) claim, which challenges Trans Union's reasonable procedures, similarly fails without the requisite showing of inaccuracy. *See Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020) (emphasizing that absent a showing of inaccuracy, "the reasonableness of the reporting agency's procedures turns out not to matter"). Based on the foregoing this Court should grant Trans Union's Motion.

**B.     Plaintiff cannot establish Trans Union did not have a permissible purpose furnishing Plaintiff's credit file.**

The FCRA lists the circumstances under which Experian may furnish a consumer report. *See* 15 U.S.C. § 1681b. Section 1681b limits the circumstances under which consumer reporting agencies may furnish a "consumer report." *See* 15

5

U.S.C. § 1681b(a). For example, a report may be furnished regarding a consumer if the agency "has reason to believe" the person requesting the report:

> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;
> * * *
> (E) intends to use the information, as a ... current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
> (F) otherwise has a legitimate business need for the information—
> (i) in connection with a business transaction that is initiated by the consumer; or
> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. § 1681b(a)(3). In addition, consumer reporting agencies may furnish a consumer report in connection with transactions that are not initiated by the consumer. 15 U.S.C. § 1681b(c). Plaintiff fails to specify who Trans Union allegedly sent the report to and why sending Plaintiff's report does not fall under a permissible purpose. Trans Union requires its business partners to request consumer reports only if they have a permissible purpose under the FCRA to do so. Due to Plaintiff's vague and conclusory statements, Trans Union's Motion should be granted.

6

**C.     No Claims can rest on the Introductory and Definition Sections 1681(a)(4) or 1681(b).**

Many of the provisions cited in Plaintiff's Amended Complaint simply do not support a claim but are introductory sections and definitions of terms within the FCRA. In Plaintiff's Second Claim for Relief, Plaintiff purports to allege claims pursuant to 15 U.S.C. §§ 1681(a)(4) and 1681(b)(f). *See* ECF No. 5 page 9. These sections contain the "[c]ongressional findings and statement of purpose," not a basis for action. 15 U.S.C. § 1681. "Congress makes the following findings: . . . there is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for a consumer's right to privacy." 15 U.S.C. § 1681(a)(4). Further, section 1681(b) states: "[i]t is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b). These introductory sections outlining the "[c]ongressional findings and statement of purpose" do not provide bases for action.

Next, Plaintiff purports to allege claims pursuant to sections contained in the "Definitions" of the FCRA. 15 U.S.C. § 1681a. This section defines information that is not a consumer report under the FCRA: "the term 'consumer report' **does not include** . . . any . . . report containing information solely as to transactions or experiences between the consumer and the person making the report[.]" *Id*. § 1681a(d)(2)(A)(i) (emphasis added). This section contains a definition, not a substantive duty. Plaintiff has not cited to a section of the FCRA which gives rise to a claim against Trans Union for allegedly violating his "right to privacy" by furnishing information. *See generally Pierre v. Trans Union*, 2020 WL 10228977 (N.D. GA 2020). As such, Trans Union Motion should be granted.

**D.    Plaintiff should not be granted leave to amend.**

Plaintiff cannot craft any set of allegations that would make amendment viable. Accordingly, this Court should not allow any amendment because such amendment would be futile. *Muhammad v. Select Portfolio Servicing, Inc.*, No. 1:22-CV-3034-SEG-JSA, 2023 WL 6192720, at *3 (N.D. Ga. Mar. 22, 2023) (affirming district court's denial of leave to amend based on futility of amendment where the plaintiff's claims were barred by *res judicata*) (citing *De Souza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 783 (11th Cir. 2015) (per curiam)).

## CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice in its entirety. Any attempt by Plaintiff to amend the Complaint would be futile.

Respectfully submitted,

/s/ Paul W. Sheldon
Paul W. Sheldon
psheldon@qslwm.com
Georgia Bar No. 947098
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
6900 North Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5453
(214) 871-2111 Fax
**Counsel for Trans Union LLC**

7660202.1

## LOCAL RULE 5. 1 CERTIFICATION

I hereby certify DEFENDANT TRANS UNION LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.

*/s/ Paul W. Sheldon*
**PAUL W. SHELDON**

## CERTIFICATE OF SERVICE

I hereby certify on this 14th day of November 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

None.

I hereby certify that I have mailed by United States Postal Service the above and foregoing document to the following:

Daraine Delevante
360 Pharr Rd NE, Apt. 114
Atlanta, GA 30305
(347) 852-0294
***Pro Se Plaintiff***

>                                        */s/ Paul W. Sheldon*
>                                        **PAUL W. SHELDON**

7660202.1