# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DARAINE DELEVANTE,

        Plaintiff,

v.                                             Civil No. 1:24-cv-5014-LMM-CMS

TRANS UNION LLC,

        Defendant.

## DEFENDANT TRANS UNION LLC'S MOTION TO STAY

COMES NOW, Defendant Trans Union, LLC ("Trans Union"), by and through its counsel of record, and hereby moves to stay this case, including discovery and scheduling, pending this Court's ruling on Trans Union's Motion to Dismiss Plaintiff's Amended Complaint and would respectfully show the Court as follows:

## I.    INTRODUCTION

Trans Union filed its Motion to Dismiss Plaintiff's Amended Complaint based on Plaintiff's failure to state a claim upon which relief can be granted.  ECF No. 8. Plaintiff cannot establish the threshold showing of inaccuracy.  Given the potential disposition of Plaintiff's claims against Trans Union, Trans Union respectfully requests that the Court stay this case, including discovery and scheduling, pending the outcome of its Motion to Dismiss.

## II.    <u>BACKGROUND</u>

Plaintiff's claims in this action stem from Trans Union's alleged inaccurate reporting of and "completeness and/or accuracy and permissible purpose of information/ Inquires contained in consumer reports concerning Plaintiff." *See* ECF No. 1-1. Plaintiff's claims are without any merit and fail as a matter of law.

## III.    <u>LEGAL STANDARD</u>

This Court has broad discretion to control the pace of litigation and course of discovery to ensure cases move to a timely and orderly conclusion.  *Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1351 (N.D. Ga. 2011); *Chrysler Intern. Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir. 2002) ("…we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("…we accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

Indeed, the Local Rules expressly provide for such discretion. Local Rule 26.2(B) provides that "[t]he Court may, in its discretion, shorten or lengthen the time for discovery." L.R. 26.2(B); *see also Kinlocke v. Benton*, No. 1:16-CV-4165-TCB, 2017 WL 5639936, at *1 (N.D. Ga. Feb. 14, 2017) (staying discovery pending resolution of motion for judgment on the pleadings).  This broad authority includes

2

discretion to stay discovery while a dispositive motion is pending. *See Patterson v. U.S. Postal Serv.,* 901 F.2d 927, 929 (11th Cir. 1990) (finding no abuse of court's discretion in staying discovery pending motion to dismiss).

A court may grant a motion to stay discovery upon a showing of "good cause and reasonableness." *Principle Sols. Grp., LLC v. Ironshore Indem., Inc.*, No. 1:15-CV-4130-RWS, 2016 WL 9049187, at *1 (N.D. Ga. Mar. 22, 2016); *see also Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1291 (N.D. Ga. 2009) (granting a stay and noting "[t]he Federal Rules of Civil Procedure grant the Court discretion to alter the normal discovery schedule for the convenience of parties and witnesses and in the interests of justice"). Generally, because discovery is not relevant to motions to dismiss for failure to state a claim, avoiding the cost and expense of discovery while such a motion is pending has been deemed "good cause" for staying discovery. *See Roberts v. FNB S. of Alma, Ga.*, 716 F. App'x 854, 857 (11th Cir. 2017) ("[T]he district court properly stayed discovery pending a ruling on the legal sufficiency of [the] complaint because there was no 'need for discovery before the court rule[d] on the motion.'") (internal citation omitted).

## IV.  <u>ARGUMENT</u>

### A.  **The Motion to Dismiss Will Dispose of Plaintiff's Claims.**

As discussed more thoroughly in Trans Union's Motion to Dismiss, Plaintiff's

3

claims fail as a matter of law. *See generally,* ECF No. 8. Consequently, because there is a strong likelihood that Trans Union's pending Motion to Dismiss will dispose of Plaintiff's claims against it, this Court should stay this case, including discovery and scheduling.  The Eleventh Circuit has specifically cautioned against allowing a case to proceed through discovery and pretrial procedures when the plaintiff has stated a potentially invalid claim:

> …when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible.

*Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).  "[T]he court's duty in this regard becomes all the more imperative when the contested claim is especially dubious." *Id.*

Plaintiff cannot establish the threshold showing of inaccuracy.  Plaintiff cannot bring his claims against Trans Union as a matter of law.  Because Plaintiff's claims are facially flawed, this Court should dismiss the case.

**B.    No Discovery Is Currently Needed.**

This Court should stay this case, including discovery and scheduling, pending the resolution of Trans Union's Motion to Dismiss, because Trans Union's Motion to Dismiss does not necessitate any discovery, and the parties should not

be required to expend any further time, energy, and resources scheduling discovery, propounding and responding to discovery requests and conducting depositions regarding claims unlikely to survive based on well-accepted legal principles and case law.

It is well-settled that motions challenging the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim, should be resolved before discovery begins. *Chudasama,* 123 F.3d at 1367 (11th Cir. 1997) ("Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."). Importantly, resolving such motions before discovery has begun eliminates the "unnecessary costs to the litigants and to the court system." *Chudasama,* 123 F.3d at 1368. "Conversely, delaying ruling on a motion to dismiss until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Id.* at 1368.

Discovery is irrelevant to the merits of Trans Union's Motions to Dismiss. In fact, it would result in the unnecessary expense associated with written discovery, depositions, expert witnesses, and potential discovery motions. To conserve resources, this case should be stayed pending resolution of Trans Union's Motions to Dismiss.

## V.     <u>CONCLUSION</u>

For the foregoing reasons, Trans Union respectfully requests that this Court stay this case, including discovery on Plaintiff's claims and scheduling, pending a decision on Defendant Trans Union's Motion to Dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

*/s/ Paul W. Sheldon*

Paul W. Sheldon
psheldon@qslwm.com
Georgia Bar No. 947098
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
6900 North Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5453
(214) 871-2111 Fax
***Counsel for Trans Union LLC***

## <u>LOCAL RULE 5.1 CERTIFICATION</u>

I hereby certify that DEFENDANT TRANS UNION LLC'S MOTION TO STAY has been prepared with the font type and margin requirements of Times New Roman, 14-point font, in accordance with Local Rule 5.1.

*/s/ Paul W. Sheldon*

**PAUL W. SHELDON**

## **CERTIFICATE OF SERVICE**

I hereby certify on this 14th day of November 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

None.

I hereby certify that I have emailed the above and foregoing document to the following:

Daraine Delevante
360 Pharr Rd NE, Apt. 114
Atlanta, GA 30305
(347) 852-0294
***Pro Se Plaintiff***

*/s/ Paul W. Sheldon*
**PAUL W. SHELDON**

8